

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANIEL TURNER                                          PLAINTIFF

V.                                  CIVIL ACTION NO. 3:15-cv-754 DPJ-FKB

CRAWFISH BARN PEARL LLC;
HOANG "KENNY" LEE; AND
JOE DENNINGTON                                 DEFENDANTS

## COMPLAINT

(Jury Trial Demanded)

Plaintiff Daniel Turner ("Turner"), by and through undersigned counsel, files this Complaint against Defendants Crawfish Barn Pearl LLC; Hoang "Kenny" Lee, individually; and Joe Dennington, individually (collectively referred to as "Defendants"), and alleges as follows:

### SUBJECT MATTER JURISDICTION

1. This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has subject matter jurisdiction of this civil action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because this is an action by an employee to recover unpaid minimum wages and overtime compensation from his employers, and pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

### STATEMENT OF THE CLAIMS

2. As stated in more detail below, Defendants were the employers of Turner at a restaurant located in Pearl, Mississippi between the periods on or around August 2013 and August 2015. Defendants, separately and/or collectively, were enterprise(s) engaged in commerce and/or the production of goods for commerce with annual gross revenues of at least

$500,000.00 and with more than two employees. Turner was employed and worked as Defendants' employee during the relevant time periods and was engaged in commerce and/or the production of goods for commerce. Defendants willfully failed to pay Turner wages at the required minimum rates, and Defendants failed to pay Turner wages at the required overtime rates for hours worked in excess of 40 hours in a workweek in violation of 29 U.S.C. §§ 206-207. As a result of the unlawful conduct stated herein, Turner has suffered and continues to suffer damages. Turner has made a demand for the damages owed but has been refused payment.

### DEMAND FOR RELIEF

3. Accordingly, Turner respectfully requests this honorable Court upon sufficient proceedings to enter judgment for Turner and against Defendants on the basis of their willful violations of the FLSA and specifically demands the following relief in addition to any other relief this Court deems appropriate: payment of actual and compensatory damages in the amount due for unpaid minimum wages and overtime compensation, with interest; payment of an equal amount in liquidated damages; and payment of Turner's reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216(b).

### PARTIES

4. This Court has personal jurisdiction over Defendant Crawfish Barn Pearl LLC ("Crawfish Barn"), which is a limited liability company organized under the laws of Mississippi with its principal place of business in Mississippi and with its sole member and registered agent being Dan T. Le at 703 Wedgewood Court, Brandon, Rankin County, Mississippi 39047. The Crawfish Barn regularly does business in Mississippi and may be served with process by service

on its registered agent Dan T. Le at 3190 A Highway 80 East, Pearl, Rankin County, Mississippi 39208, or as otherwise permitted by Federal Rule of Civil Procedure 4.

5. This Court has personal jurisdiction over Defendant Hoang "Kenny" Lee ("Lee"), who is a resident citizen of Mississippi and regularly does business in Mississippi. Lee may be served with process by service at 3190 A Highway 80 East, Pearl, Rankin County, Mississippi 39208, or as otherwise permitted by Federal Rule of Civil Procedure 4.

6. This Court has personal jurisdiction over Defendant Joe Dennington ("Dennington"), who is a resident citizen of Mississippi and regularly does business in Mississippi. Dennington may be served with process by service at 3190 A Highway 80 East, Pearl, Rankin County, Mississippi 39208, or as otherwise permitted by Federal Rule of Civil Procedure 4.

7. Plaintiff Daniel Turner is a resident citizen of Rankin County, Mississippi.

### VENUE

8. Venue is proper in this judicial district because all of Defendants reside within the Northern Division of the United States District Court for the Southern District of Mississippi, and all of the actions complained of occurred in Pearl, Mississippi at or near the Crawfish Barn, which is located at or near 3190 A Highway 80 East, Pearl, Rankin County, Mississippi 39208.

### COUNT I
### (Unpaid Minimum Wages)

9. Turner re-alleges and incorporates by reference the preceding paragraph numbers 1 through 8 as if fully set forth herein.

10. The FLSA requires all employers to pay its employees the applicable federal minimum wages for each hour that the employee worked for the employer. 29 U.S.C. § 206. Turner regularly was suffered or permitted to work by and for Defendants from the period

beginning on or around August 2013 through the date his employment ended on August 12, 2015, but Turner was not paid the minimum wage for each and every hour that he worked.

11. The Crawfish Barn is a restaurant located in Pearl, Mississippi that serves customers food and beverages, including crawfish obtained from Louisiana, seafood, hibachi-grill items, soft drinks, and beer. Menu prices for crawfish sold are subject to market fluctuations but generally range from $4.95 to $5.50 per pound. The Crawfish Barn sells thousands of pounds of crawfish to consumers each week. Menu prices for seafood items, which also are subject to market fluctuations, include crab legs usually sold at $11.95 per plate; oysters sold in a range between $12.95 and $15.95 per dozen; and shrimp sold in a range between $10.95 and $13.95 per plate. Menu prices for hibachi-grill items range from $5.95 vegetable-lunch plates to $12.95 shrimp/scallop-dinner plates. Menu prices for soft drinks are $1.75 per drink, and menu prices for beer are between $2.50 to $3.00 per 12-ounce beer. The Crawfish Barn orders and sells approximately 18 24-count cases of 12-ounce beers and 3 15.5-gallon kegs (1,984 ounces) of beer each week. The Crawfish Barn sells lunch and dinner every calendar day of the year except on four national holidays. Defendants also collect the cash tips that patrons provide to servers each day and night.

12. Lee and Dennington were the *de facto* owners and/or managers of the Crawfish Barn with the power to hire and fire employees. Defendants regularly supervised and controlled employees' responsibilities and their work schedules. Defendants also had the authority to set the employees' rates of pay and had the responsibility to maintain employment records.

13. As part of their regular business, Defendants processed credit cards, which are instruments of interstate commerce, ordered and received good and materials from sellers outside

of the State of Mississippi, advertised the restaurant on the Internet, and used the telephone lines to conduct business in interstate commerce.

14. Defendants hired Turner to work for them as an employee at the Crawfish Barn in or about August 2013. Turner worked as Defendants' employee during the stated time periods and performed activities at the Crawfish Barn that included preparing and serving food and beverages; ordering and stocking goods, inventory, and supplies in interstate commerce (including crawfish obtained from sellers located in Mamou, Louisiana and beer manufactured outside of the State of Mississippi); cleaning and washing dishes; answering the telephone for call-in orders in interstate commerce; and processing payment from customers that included the use of credit cards in interstate commerce.

15. Defendants regularly supervised and controlled Turner's work and his schedule at the Crawfish Barn and gave him instructions on work that needed to be completed each day: Turner worked as Defendants' employee at the Crawfish Barn during the relevant time periods from the hours of 10:00 a.m. to 9:30 p.m., plus a period of time in the amount of approximately one hour after closing each night, on Mondays through Thursdays. Turner worked as Defendants' employee at the Crawfish Barn during the relevant time periods from the hours of 10:00 a.m. to 10:30 p.m., plus a period of time in the amount of approximately one hour after closing each night, on Fridays and Saturdays. Turner worked as Defendants' employee at the Crawfish Barn during the relevant time periods from the hours of 11:00 a.m. to 7:30 p.m., plus a period of time in the amount of approximately one hour after closing, on Sundays.

16. Defendants paid Turner for his work in cash $25.00 per day on Mondays through Thursdays; $40.00 per day on Fridays and Saturdays; and $15.00 per day on Sundays.

17. Defendants classified Turner as a tipped employee regardless of the time he spent cooking and preparing food and beverages; ordering and stocking goods, inventory, and supplies; cleaning and washing dishes; answering the telephone; and processing payments. Defendants refused to pay Turner the required minimum wages for his work.

18. Defendants also unlawfully required Turner to participate in a tipping pool without informing Turner about the process and made Turner turn over all of his tips each night to Lee, who then would redistribute the tips among various employees, including employees whose sole job responsibilities were cooking and/or cleaning in the back of the restaurant.

19. Turner was not paid on a salary basis or paid a salary of at least $455.00 per week. Turner was not a manager and did not supervise other employees. Turner did not exercise independent judgment over significant business matters or have the authority to establish any procedures absent orders from Defendants. Turner was at all times non-exempt under the FLSA.

20. Defendants knew and were aware at all times that Turner was performing work for them and that they were not paying him the applicable minimum wage for each and every hour that he worked. Defendants knew, or showed reckless disregard for the fact, that their failure to pay Turner the applicable minimum wage for each and every hour worked violated the FLSA.

21. Defendants failed to maintain accurate employment records of Turner, including the number of the hours actually worked by Turner, as required under Section 516.2 of Title 29 of the United States Code of Federal Regulations.

22. These practices violated the FLSA, and as a result, Turner suffered damages and unpaid wages.

23. Defendants are liable to Turner for actual damages, liquidated damages, and reasonable attorney's fees, costs, and expenses,

## COUNT II
### (Unpaid Overtime Compensation)

24. Turner re-alleges and incorporates by reference the preceding paragraph numbers 1 through 8 as if fully set forth herein.

25. The FLSA requires employers to pay an employee overtime compensation, equal to 1 and ½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. 29 U.S.C. § 207. Turner regularly was suffered or permitted to work by and for Defendants from the period beginning on or around August 2013 through the date his employment ended on August 12, 2015, but Turner was not paid overtime wages at the required rate for each and every hour that he worked in excess of 40 hours each week.

26. The Crawfish Barn is a restaurant located in Pearl, Mississippi that serves customers food and beverages, including crawfish obtained from Louisiana, seafood, hibachi-grill items, soft drinks, and beer. Menu prices for crawfish sold are subject to market fluctuations but generally range from $4.95 to $5.50 per pound. The Crawfish Barn sells thousands of pounds of crawfish to consumers each week. Menu prices for seafood items, which also are subject to market fluctuations, include crab legs usually sold at $11.95 per plate; oysters sold in a range between $12.95 and $15.95 per dozen; and shrimp sold in a range between $10.95 and $13.95 per plate. Menu prices for hibachi-grill items range from $5.95 vegetable-lunch plates to $12.95 shrimp/scallop-dinner plates. Menu prices for soft drinks are $1.75 per drink, and menu prices for beer are between $2.50 to $3.00 per 12-ounce beer. The Crawfish Barn orders and sells approximately 18 24-count cases of 12-ounce beers and 3 15.5-gallon kegs (1,984 ounces) of beer each week. The Crawfish Barn sells lunch and dinner every calendar day

of the year except on four national holidays. Defendants also collect the cash tips that patrons provide to servers each day and night.

27. Lee and Dennington were the *de facto* owners and/or managers of the Crawfish Barn with the power to hire and fire employees. Defendants regularly supervised and controlled employees' responsibilities and their work schedules. Defendants also had the authority to set the employees' rates of pay and had the responsibility to maintain employment records.

28. As part of their regular business, Defendants processed credit cards, which are instruments of interstate commerce, ordered and received good and materials from sellers outside of the State of Mississippi, advertised on the restaurant on the Internet, and used the telephone lines to conduct business in interstate commerce.

29. Defendants hired Turner to work for them as an employee at the Crawfish Barn in or about August 2013. Turner worked as Defendants' employee during the stated time periods and performed activities at the Crawfish Barn that included preparing and serving food and beverages; ordering and stocking goods, inventory, and supplies in interstate commerce (including crawfish obtained from sellers located in Mamou, Louisiana and beer manufactured outside of the State of Mississippi); cleaning and washing dishes; answering the telephone for call-in orders in interstate commerce; and processing payment from customers that included the use of credit cards in interstate commerce.

30. Defendants regularly supervised and controlled Turner's work and his schedule at the Crawfish Barn and gave him instructions on work that needed to be completed each day: Turner worked as Defendants' employee at the Crawfish Barn during the relevant time periods from the hours of 10:00 a.m. to 9:30 p.m., plus a period of time in the amount of approximately one hour after closing each night, on Mondays through Thursdays. Turner worked as

Defendants' employee at the Crawfish Barn during the relevant time periods from the hours of 10:00 a.m. to 10:30 p.m., plus a period of time in the amount of approximately one hour after closing each night, on Fridays and Saturdays. Turner worked as Defendants' employee at the Crawfish Barn during the relevant time periods from the hours of 11:00 a.m. to 7:30 p.m., plus a period of time in the amount of approximately one hour after closing, on Sundays.

31. Defendants paid Turner for his work in cash $25.00 per day on Mondays through Thursdays; $40.00 per day on Fridays and Saturdays; and $15.00 per day on Sundays.

32. Defendants classified Turner as a tipped employee regardless of the time he spent cooking and preparing food and beverages; ordering and stocking goods, inventory, and supplies; cleaning and washing dishes; answering the telephone; and processing payments. Defendants refused to pay Turner the required overtime compensation for his work.

33. Defendants also unlawfully required Turner to participate in a tipping pool without informing Turner about the process and made Turner turn over all of his tips each night to Lee, who then would redistribute the tips among various employees, including employees whose sole job responsibilities were cooking and/or cleaning in the back of the restaurant.

34. Turner was not paid on a salary basis or paid a salary of at least $455.00 per week. Turner was not a manager and did not supervise other employees. Turner did not exercise independent judgment over significant business matters or have the authority to establish any procedures absent orders from Defendants. Turner was at all times non-exempt under the FLSA.

35. Defendants knew and were aware at all times that Turner regularly worked more than 40 hours per week without overtime compensation. Defendants knew, or showed reckless disregard for the fact, that their failure to pay Turner overtime compensation violated the FLSA.

36. Defendants failed to maintain accurate employment records of Turner, including the number of the hours actually worked by Turner, as required under Section 516.2 of Title 29 of the United States Code of Federal Regulations.

37. These practices violated the FLSA, and as a result, Turner suffered damages and unpaid overtime compensation.

38. Defendants are liable to Turner for actual damages, liquidated damages, and reasonable attorney's fees, costs, and expenses.

**THEREFORE**, Plaintiff Daniel Turner brings this civil action against Defendants Crawfish Barn Pearl LLC; Hoang "Kenny" Lee, individually; and Joe Dennington, individually, for their violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, and respectfully requests this honorable Court upon sufficient proceedings to enter judgment in favor of Turner and against Defendants, individually and/or jointly and severally, and award Turner damages for the amount of unpaid minimum wages and overtime compensation owed, an equal amount in liquidated damages, Turner's reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b), and any such further relief as this Court deems equitable and just.

Respectfully submitted this 21st day of October, 2015.

DANIEL TURNER

By: *Justin Ponds*
JUSTIN R. PONDS (MSB #104290)
The Ponds Law Firm, PLLC
Post Office Box 320124
Flowood, Mississippi 39232
Telephone: (601) 278-3444
Facsimile: (601) 605-2382
Email: justinponds@gmail.com

Attorney for Plaintiff Daniel Turner